UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. EDCV 20-0723 JVS (PVC) | Date: April 10, 2020 |
| Title Kipper Ken King v. Director of Federal B.O.P., et al. | |

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**PROCEEDINGS:  [IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON PURSUANT TO 28 U.S.C. § 1404(a)**

On April 8, 2020, Plaintiff, a federal prisoner proceeding *pro se*, filed a civil rights complaint under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). ("Complaint," Dkt. No. 1). Plaintiff alleges that Correctional Officer R. Ruman and Lieutenant Shortis, two employees of the Federal Correctional Institution in Sheridan, Oregon ("FCI-Sheridan"), where Plaintiff was formerly housed, failed to protect him from harm by other prisoners. According to the Complaint, Plaintiff told Lt. Shortis that he was ostracized by other prisoners when they learned the nature of his conviction. Despite this notice to prison officials, Officer Ruman put Plaintiff in a "rec cage" with an inmate who learned that he was in protective custody and started a physical altercation with him. (*Id.* at 4-6) (continuous pagination). The complaint sues Officer Ruman and Lt. Shortis in their official capacities.[1] Plaintiff is currently incarcerated at the United States Penitentiary in Victorville, California.

---

[1] The caption of the Complaint names the "Director of Federal B.O.P." as a Defendant, but no allegations are raised against the Director and he is not included in the list of Defendants in the body of the Complaint. (Complaint at 4). To the extent that Plaintiff

All of the events alleged in the Complaint occurred in Oregon. All of the Defendants are residents of Oregon and neither appears to be a resident of this judicial district. The Central District of California does not have any meaningful connection to the acts and omissions alleged in Plaintiff's Complaint.

Under 28 U.S.C. § 1404, a district court "[f]or the convenience of parties and witnesses, in the interest of justice, may transfer any civil action to any other district or division where it might have been brought. . . ." 28 U.S.C. § 1404(a). Transfer of venue pursuant to § 1404(a) may be made by motion of either party or by the court *sua sponte*, so long as the parties are first given the opportunity to present their views on the issue. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986); *see also Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241-42 (S.D. Cal. 2013) (same).

A court's analysis under § 1404(a) has two steps. First, the court must decide whether the action "might have been brought" in a transferee court. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). If so, the court moves to the second step, in which it must consider whether transferring the case is best for convenience and fairness to the parties and the interests of justice. In determining whether transfer is appropriate

---

intends to sue the Director of the Federal Bureau of Prisons in his official capacity, or Officer Ruman and Lt. Shortis in their official capacities, Plaintiff is advised that a civil rights action under *Bivens* may be brought only against federal employees in their individual capacities, not the United States or its agencies. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001).

A suit for damages against a federal employee in his or her official capacity is functionally a suit against the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). As such, "no *Bivens*-like cause of action is available against federal agencies or federal agents sued in their official capacities." *Ibrahim v. Dept. of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008). Accordingly, the Court construes the Complaint as though it were brought only against Officer Ruman and Lt. Shortis in their individual capacities.

in a particular case, a court should consider:  (1) the plaintiff's choice of forum; (2) the parties' contacts with the forum; (3) the contacts in the chosen forum that relate to the plaintiff's claims; (4) the costs of litigation in available forums; (5) the availability of compulsory process to compel the attendance of unwilling witnesses; (6) access to evidence; (7) the interest in having localized controversies decided in that forum; (8) the unfairness of imposing jury duty on citizens in an unrelated forum; and (9) the congestion of dockets in the two districts, measured by the median number of months from filing to trial.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

Here, the transferee forum -- the District of Oregon -- is one in which this action "might have been brought" initially because all of the events at issue in the Complaint occurred there and the named Defendants reside there.  *See* 28 U.S.C. § 1391(e).  The balance of the "second step" factors appears to favor transfer to the District of Oregon.  The only connection that the Central District has to this case is that the Federal Bureau of Prisons happened to transfer Plaintiff to a prison within this district after the underlying events in Oregon occurred.  No witness to the events, apart from Plaintiff, resides in this district.  In contrast, Plaintiff's claims plainly arose in the District of Oregon because that it where all of the events at issue occurred and where all of the Defendants reside.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE, within **thirty (30) days** of the date of this Order, why this action should not be transferred to the United States District Court for the District of Oregon.  Plaintiff may discharge this Order by filing a declaration setting forth any reason why venue should remain in the Central District of California or stating that Plaintiff does not oppose the transfer.

Alternatively, instead of filing a response to this Order, Plaintiff may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal form is attached for Plaintiff's convenience.**  However, Plaintiff is advised that any dismissed claims may later be subject to the applicable statute of limitations.

**Plaintiff is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).**

The Clerk of the Court is directed to serve a copy of this Order upon Plaintiff at his address of record. IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |